UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Arthur Burnham and            )
Melody Drake,                 )
                              )
        Plaintiffs,           )
                              )
    v.                        )    Case No. 2:12-cv-157
                              )
United States Customs,        )
                              )
        Defendant.            )

OPINION AND ORDER
(Doc. 9)

Plaintiffs Arthur Burnham and Melody Drake, each proceeding *pro se*, bring this action seeking the return of money that was seized by a United States Customs and Border Protection ("CBP") agent on February 20, 2012. The basis of their claim is that the United States Attorney's Office failed to file a civil forfeiture action in a timely manner. The government now moves to dismiss, arguing that its forfeiture filing was timely. The motion to dismiss is unopposed.

For the reasons set forth below, the motion to dismiss is GRANTED and this case is DISMISSED.

Factual Background

For purposes of ruling on the pending motion to dismiss, the facts alleged in the Complaint, as well as

subsequent amendments, will be accepted as true.

On February 20, 2012, Burnham and Drake and their three children were traveling by car through Vermont on their way to Toronto, Canada. At approximately 9:45 a.m., their vehicle experienced a tire problem while south of the Canadian border. Although the Complaint does not detail their subsequent interactions with a CBP agent, an agent seized $12,155.29 in United States currency from Plaintiffs that morning.

On March 9, 2012, Plaintiffs filed a claim form and request for judicial process. The claim form was received and date stamped by Defendant on March 12, 2012. On June 11, 2012, the government filed a Verified Complaint ("forfeiture action") against the seized funds. Plaintiffs commenced the instant case on June 17, 2012, claiming that the government's forfeiture action was not timely filed, and that the seized funds should therefore be returned.

## Discussion

I. Legal Standard

The government has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept

all factual allegations in the Complaint as true and draw all reasonable inferences in the plaintiff's favor. *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

When, as in this case, a motion to dismiss is unopposed, the failure to oppose does not, by itself, justify dismissal. *See Goldberg v. Danaher*, 599 F.3d 181, 183–84 (2d Cir. 2010); *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000). "[T]he sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *Goldberg*, 599 F.3d at 184 (citing *McCall*, 232 F.3d at 322–23). Consequently, as with all Rule 12(b)(6) motions, when deciding an unopposed motion to dismiss the

Court must "assume the truth of a pleading's factual allegations and test only its legal sufficiency." *McCall*, 232 F.3d at 322.

## II. <u>Timeliness of the Civil Forfeiture Action</u>

Pursuant to 18 U.S.C. § 983(a)(3)(A) of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the government was required to file its forfeiture action "not later than 90 days after a claim has been filed . . . ." 18 U.S.C. § 983(a)(3). According to the Complaint, Plaintiffs filed their claim form on March 12, 2012. *See Pathway Bellows, Inc. v. Blanchette*, 630 F.2d 900, 902 (2d Cir. 1980) (holding that a paper is considered "'filed'" when it "has been delivered to and received by the party with whom it is to be filed"). The ninetieth day after the filing of the claim form was Sunday, June 10, 2012.

The government commenced its forfeiture action the next day, filing a Verified Complaint on Monday, June 11, 2012. Plaintiffs now argue that the filing was not made within the statutorily-required 90 days. The government responds that under Federal Rule of Civil Procedure 6(a)(1)(c), the fact that the statutory period expired on a Sunday meant that it had until the following Monday to commence the action.

Rule 6(a)(1)(C) sets forth procedures for computation of "any time period specified in these rules . . . or in any statute that does not specify a method of computing time." Fed. R. Civ. P. 6(a)(1)(C). The rule provides, in relevant part, that when a time period is stated in "days or a longer period of time," it will "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." *Id.* The question presented here is whether this rule applied to the time period set forth in 18 U.S.C. § 983.

As set forth above, Rule 6(a)(1)(C) applies to a statutory time period when the statute itself is silent on the question of computation. Plaintiffs claim that related regulations specify a method of computation, but cite only provisions pertaining to the *commencement* of a 90-day time period. (Doc. 7 at 1.) Neither party has identified language in 18 U.S.C. § 983, or in CAFRA generally, that applies to computation of the 90-day period when that period *end*s on a weekend or holiday. Absent any such language in the statute, Rule 6(a)(1)(C) applies. *See*, *e.g., United States v. $448,163.10*, 2007 WL 4178508, at *4 (D. Conn. Nov.

20, 2007) (applying computation rule set forth in Rule 6(a) to civil forfeiture action where ninetieth day fell on a Sunday and forfeiture complaint was filed the following Monday); *United States v. Forty-Four Miscellaneous Firearms*, 2007 WL 1101240, at *1 (S.D. Ga. Apr. 12, 2007) (finding government's civil forfeiture filing timely where deadline fell on a Sunday, the following Monday was a federal holiday, and Verified Complaint was filed on Tuesday).

As the Second Circuit has explained, "Rule 6(a) is an acknowledgment that the functioning of the courts is often interrupted by holidays, weekends and other events that make filing impossible." *Sciano v. United States*, 37 F.3d 858, 865 (2d Cir. 1994). "'It is difficult to perceive how a legitimate governmental interest would be prejudiced by application of . . . Rule 6 . . . to federal statutes of limitations, [since it] would delay the expiration of a given period by, at most, two or three days . . . .'" *Id*. (quoting 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1163, at 469 (1987)).

Furthermore, application fo Rule 6(a) is not inconsistent with the purpose of CAFRA's 90-day deadline. Prior to CAFRA, there was no deadline for civil forfeiture

proceedings. *United States v. $39,480.00 in United States Currency*, 190 F. Supp. 2d 929, 932 (W.D. Tex. 2002) (citation omitted). The 90-day time period was therefore imposed to "prevent the government from retaining property subject to forfeiture for an extended period without commencing a judicial action that will give the claimant his day in court." *Id.* (internal quotation marks and citation omitted). Application of Rule 6 to the § 983 deadline in this case would do nothing to frustrate this broad legislative goal of preventing forfeitures for "an extended period." *Id; compare Kane v. Douglas, Elliman, Hollyday & Ives*, 635 F.2d 141, 142 (2d Cir. 1980) (applying Rule 6(a) to 90-day filing deadline set forth in Title VII, concluding that application of the rule would not frustrate the "broad remedial purposes of Title VII"). The Court therefore finds that the government's commencement of a forfeiture action on June 11, 2012 was timely, and that Plaintiffs are not entitled to any relief on the basis of their Complaint.

## Conclusion

For the reasons set forth above, the government's motion to dismiss (Doc. 9) is GRANTED and this case is DISMISSED.

Dated at Burlington, in the District of Vermont, this 2nd day of April, 2013.

/s/ William K. Sessions III  
William K. Sessions III  
Judge, United States District Court